IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **SHAMEEN BROWN, on behalf of herself and all others similarly situated,**<br><br>Plaintiff,<br><br>-against-<br><br>**EQUITY PRIME MORTGAGE, LLC,**<br><br>Defendant. | Civil Case No.:<br><br>Jury Trial Demanded |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff SHAMEEN BROWN ("Brown"), individually and on behalf of all others similarly situated, brings this Collective Action Complaint against Defendant EQUITY PRIME MORTGAGE, LLC ("Equity Prime"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*., and supporting United States Department of Labor regulations. Plaintiff also brings this Class Action Complaint against Equity Prime seeking all available relief under New Jersey State Wage and Hour Law ("NJWHL"). The following allegations are based on personal knowledge and are made on information and belief as to the acts of others.

**SUMMARY OF CLAIMS**

1. Plaintiff brings this action for recovery of unpaid overtime

1

compensation as a collective action pursuant to the FLSA.

2.      Plaintiff also brings this action for recovery of unpaid overtime compensation as a class action pursuant to the NJWHL.

3.      Defendant Equity Prime is national mortgage lender.

4.      Plaintiff was employed by Equity Prime as an Underwriter.

5.      Defendant classified Plaintiff, along with all other retail and wholesale Underwriters, as exempt from overtime and therefore failed to pay any overtime to Plaintiff and the similarly situated Underwriters.

6.      Plaintiff and all other similarly situated Underwriters were required to work more than 40 hours in a workweek while employed by Equity Prime in order to complete their job duties.  However, as a result of Equity Prime's policies and/or practices, Equity Prime failed to pay Plaintiff and the similarly situated Underwriters overtime at the required rate of time-and-one-half for all hours worked in excess of 40 in a work week.

7.      Equity Prime's systematic failure and refusal to pay Plaintiff and all other similarly situated Underwriters for all hours worked over 40 in a workweek violates the FLSA and NJWHL.

8.      Plaintiff seeks full compensation on behalf of herself and the members of the FLSA Collective (as defined, *infra*) for all unpaid overtime, including liquidated damages under the FLSA. Plaintiff also seeks declaratory and injunctive

relief. Plaintiff additionally seeks reasonable attorneys' fees and costs under the FLSA, along with pre-judgment interest.

9. Plaintiff also seeks full compensation on behalf of herself and the members of the New Jersey Class (as defined, *infra*) for all unpaid overtime, including treble damages under New Jersey law. Plaintiff also seeks declaratory and injunctive relief. Plaintiff additionally seeks reasonable attorneys' fees and costs under the NJWHL, along with pre-judgment interest.

## JURISDICTION AND VENUE

10. This Court has original federal question jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the New Jersey state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

11. Venue in this district is proper pursuant to 28 U.S.C. § 1391. At all material times, Defendant's headquarters and principal place business is in this District and within the geographic location encompassing this District; and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

12. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

13. Defendant is covered employer within the meaning of the FLSA.

## PARTIES

### *Plaintiff*

14. Plaintiff Shameen Brown resides in Florida. Plaintiff was employed by Equity Prime as an Underwriter from approximately March 2023 through approximately September 2023 in Mount Olive, New Jersey and from approximately October 2023 through May 2024 in Valrico, Florida.

15. Throughout her employment as an Underwriter with Equity Prime, Plaintiff regularly worked more than 40 hours in a workweek, typically working 60 or more hours per week, on average.

16. The work Plaintiff performed was at the direction and benefit of Equity Prime.

17. Pursuant to Equity Prime's policy of misclassifying all Underwriters as exempt, Plaintiff was not paid overtime compensation for the hours she worked over 40 in a workweek.

18. Plaintiff's written consent to join this action is attached. *See* **Exhibit A**.

### *Defendant*

19. Equity Prime Mortgage, LLC is a national mortgage lender based in Atlanta, Georgia.

20. At all relevant times, Equity Prime employed or acted in the interest of

an employer towards Plaintiff and other similarly situated current and former Underwriters and, among other things, maintained control, oversight and direction over Plaintiff and other Underwriters, including with respect to timekeeping, payroll and other employment practices that applied to them.

21. Equity Prime applies the same employment policies, practices, and procedures to all Underwriters nationwide.

22. Equity Prime is a covered employer within the meaning of the FLSA because, among other things, it employs individuals, including Plaintiff, who are engaged in interstate commerce or in the production of goods for interstate commerce.

23. At all relevant times, Equity Prime has had gross revenues exceeding $500,000.00 for all relevant time periods.

24. At all relevant times, Equity Prime has done business under the laws of the State of Georgia, has places of business in the State of Georgia, including in this judicial district, and has employed Underwriters in this judicial district.

25. Equity Prime is a an "employer" as that term is used in the FLSA and NJWHL.

## COMMON FACTUAL ALLEGATIONS

26. Equity Prime is a national mortgage lender.

27. As part of its workforce, Equity Prime employs exempt-classified

retail and wholesale Underwriters whose primary duties include reviewing applications for insurance, gathering information from brokers, verifying the accuracy of information provided on applications checking credit, reviewing loan documents to confirm adherence with Equity Prime's standard underwriting guidelines, and handling calls with brokers, processors and loan officers. Equity Prime Underwriters primarily perform production work and do not regularly exercise discretion and independent judgment with respect to matters of significance.

28.    Pursuant to a centralized, company-wide policy, pattern and/or practice, Equity Prime classified all Underwriters as exempt from coverage of the overtime provisions of the FLSA and New Jersey law.

29.    Although Underwriters regularly work a significant amount of time beyond 40 hours per week, Equity Prime does not pay them for this overtime work.

30.    Consistent with Equity Prime's policy and/or practice, Plaintiff and the members of the FLSA Collective and New Jersey Class regularly worked in excess of 40 hours per workweek without being paid overtime compensation.

31. Plaintiff's and FLSA Collective members' and New Jersey Class members' work as Underwriters was performed in the normal course of Equity Prime's business and was integral to Equity Prime's business.

32. The work performed by Plaintiff and the FLSA Collective members and New Jersey Class members constitutes compensable work time under the FLSA and New Jersey law and was not preliminary, postliminary or *de minimus*.

33. Pursuant to corporate policy, Equity Prime classifies its Underwriters as exempt from overtime pay requirements even though, and in contravention of the FLSA and New Jersey law, the Underwriter position does not qualify for any exemption.

34. Equity Prime's unlawful conduct, as described above, was willful and/or in reckless disregard of the applicable laws pursuant to Equity Prime's centralized, company-wide policy and/or practice of attempting to minimize labor costs by violating the FLSA and New Jersey law.

35. Due to the foregoing, Equity Prime's failure to pay overtime wages at an appropriate overtime rate of pay for work performed by Plaintiff, the FLSA Collective members and the New Jersey Class members in excess of (40) hours per week was willful.

36. Defendant's conduct was knowing, willful, carried out in bad faith, and caused significant damages to Plaintiff, the FLSA Collective members and the New Jersey Class in an amount to be determined at trial. Defendant did not take requisite steps to ensure that Plaintiff and FLSA Collective members and New Jersey Class were paid for all time worked.

37. Equity Prime's unlawful conduct has been widespread, repeated, and consistent.

38. All work performed by Plaintiff, the FLSA Collective members and the New Jersey Class members was assigned by Equity Prime, who is aware of the work that performed.

39. Plaintiff is informed, believes, and thereon alleges that Defendant's unlawful conduct has been widespread, repeated, and consistent as to the FLSA Collective members and New Jersey Class members throughout Defendant's operations in New Jersey and the United States.

## **COLLECTIVE ACTION ALLEGATIONS**

40. Plaintiff brings the First Cause of Action (the FLSA claim) as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and a proposed collection of similarly situated employees defined as:

> All current and former employees of Defendant working as retail and/or wholesale Underwriters throughout the United States during the time period from three years prior to the filing of this Complaint through until resolution of this action.

(the "FLSA Collective").

41. Plaintiff and other Underwriters are similarly situated in that they have substantially similar job duties and are subject to, common and widespread compensation policies and/or practices.

8

42. Inasmuch as Equity Prime is a substantial corporate entity aware of its obligations under the FLSA, it acted willfully or recklessly in failing to classify Plaintiff and other similarly situated Underwriters as non-exempt employees.

43. As further evidence of its willful or reckless failure to classify Plaintiff and other similarly situated Underwriters – and notwithstanding being a substantial corporate entity aware of its legal obligations – Equity Prime has uniformly failed to (1) accurately track or record actual hours worked by Underwriters; and (2) provide Underwriters with a method to accurately record the hours actually worked.

44. Equity Prime was or should have been aware that federal law required it to pay employees performing non-exempt duties an overtime premium for hours worked over 40 per week.

45. Upon information and belief, and as part of its regular business practices, Equity Prime has intentionally, willfully and repeatedly engaged in a practice and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective members. This policy and/or practice includes but it is not limited to:

    a. willfully misclassifying Plaintiff and the FLSA Collective members as exempt from the requirements of the FLSA; and

    b. willfully failing to pay Plaintiff and the FLSA Collective members overtime wages for hours that they worked in excess of 40 hours per week.

46. Plaintiff is the representative of the members of the FLSA Collective

and is acting on behalf of their interests as well as her own interests in bringing this action.

47. Plaintiff will fairly and adequately represent and protect the interests of the members of the FLSA Collective. Plaintiff has retained counsel competent and experienced in employment and wage and hour class action and collective action litigation.

48. The similarly situated members of the FLSA Collective are known to Defendant, are readily identifiable, and may be located through Defendant's records. These similarly situated employees may readily be notified of this action and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

49. Plaintiff contemplates providing a notice or notices to all members of the FLSA Collective, as approved by the Court. The notice or notices shall, among other things, advise each of the Underwriters that they shall be entitled to "opt in" to the collective action if they so request by the date specified within the notice, and that any judgment on the collective action, whether favorable or not, entered in this case will bind all FLSA Collective members who timely request inclusion in the FLSA Collective.

## **CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23**

50. Plaintiff brings the Second Cause of Action (the New Jersey Class Claims) as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23 on behalf of:

> All current and former employees of Defendant working as retail and/or wholesale Underwriters throughout the State of New Jersey during the time period from six years prior to the filing of this Complaint through until resolution of this action.

(the "New Jersey Class").

51. Excluded from the New Jersey Class are Defendant; legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New Jersey Class.

52. **Numerosity**: Upon information and belief, Defendant has employed at least 50 or more Underwriters, up to potentially hundreds of Underwriters, in New Jersey during the applicable statutory period. The number of New Jersey Class members are therefore far too numerous to be individually joined in this lawsuit. However, the exact number of such persons are not known to Plaintiff because the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

53. **<u>Existence and Predominance of Common Questions</u>**: There are questions of law and fact common to Plaintiff and the New Jersey Class members that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

  a. Whether Defendant employed Plaintiff and the New Jersey Class members within the meaning of the NJWHL;

  b. Whether Defendant failed to pay Plaintiff and the New Jersey Class members for all of the hours they worked;

  c. Whether Defendant failed to pay Plaintiff and the New Jersey Class the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of the NJWHL and the regulations promulgated thereunder;

  d. Whether Defendant is liable for all damages claimed by Plaintiff and the New Jersey Class, including, without limitation, compensatory, treble damages, interest, costs and disbursements, and attorneys' fees; and

  e. Whether Defendant should be enjoined from continuing to violate the NJWHL in the future.

54. **<u>Typicality</u>**: Plaintiff's claims are typical of the claims of the New Jersey Class. Defendant's common policies, practices, and course of conduct in violation of law as alleged herein have caused Plaintiff and the New Jersey Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the New Jersey Class.

55. **<u>Adequacy</u>**: Plaintiff will fairly and adequately represent and protect

the interests of the New Jersey Class because her interests do not conflict with the interests of the members of the New Jersey Class she seeks to represent. Plaintiff has retained Counsel competent and experienced in complex employment and wage and hour class action litigation and intends to prosecute this action vigorously. Plaintiff and her Counsel will fairly and adequately protect the
interests of the New Jersey Class.

56. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all New Jersey Class members is not practicable, and questions of law and fact common to Plaintiff and putative New Jersey Class members predominate over any questions affecting only individual members of the New Jersey Class. The injury suffered by each New Jersey Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. Individualized litigation increases the delay and expense to all Parties and the Court. By contrast, class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the Court.

57. In the alternative, the New Jersey Class may be certified because the prosecution of separate actions by the individual members of the New Jersey Class

would create a risk of inconsistent or varying adjudication with respect to individual members of the New Jersey Class, and, in turn, would establish incompatible standards of conduct for Defendant.

58. Class treatment will allow those similarly situated persons to litigate their claims in the manner most efficient and economical for the Parties and the judicial system.

59. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

60. Plaintiff intends to send notice to all New Jersey Class members to the extent required under applicable class action procedures. Plaintiff contemplates providing a notice or notices to the New Jersey Class, as approved by the Court. The notice or notices shall, among other things, advise the New Jersey Class that they shall be entitled to "opt out" of the class certified for the New Jersey Class if they so request by a date specified within the notice, and that any judgment on the New Jersey Class, whether favorable or not, entered in this case will bind all New Jersey Class members except those who affirmatively exclude themselves by timely opting out.

**FIRST CAUSE OF ACTION**
**Violation of FLSA – Unpaid Overtime**
**(By Plaintiff Individually and on behalf of the FLSA Collective)**

61. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

62. The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation at not less than one and one-half times the regular rate of pay for all hours worked in excess of 40 hours in a work week. 29 U.S.C. § 207(a)(1).

63. At all times material herein, Plaintiff and the FLSA Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA.

64. Defendant is a covered employer required to comply with the FLSA's mandates.

65. Defendant has violated the FLSA with respect to Plaintiff and the FLSA Collective, by, *inter alia*, failing to compensate Plaintiff and the FLSA Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage. *See* 29 U.S.C. § 206; 29 U.S.C. § 207 (a), (g); 29 C.F.R. § 531.35. Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and the FLSA Collective. 29 U.S.C. § 211(c).

66. Plaintiff and the FLSA Collective are victims of a uniform and company-wide compensation policy of failing to pay overtime based upon the decision to misclassify Underwriters as exempt. This uniform policy, in violation of the FLSA, has been applied to current and former Underwriters who worked for

Defendant, working in offices throughout the United States.

67. Plaintiff and the FLSA Collective are entitled to damages equal to the mandated pay, including straight time, and overtime premium pay, calculated inclusive of all non-discretionary bonuses, commissions, and other renumeration earned, within the three years preceding the filing of the original complaint, as tolled by agreement of the parties, equity, order of the Court, or otherwise, because Defendant has acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

68. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

69. As a result of the aforesaid violations of the FLSA's provisions, pay, including straight time and overtime compensation, has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective. Accordingly, Defendant is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

## SECOND CAUSE OF ACTION
### Violation of NJWHL – Unpaid Overtime
**(By Plaintiff Individually and on behalf of the New Jersey Class)**

70. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

71. Plaintiff and New Jersey Class members worked in excess of 40 hours per week with Defendant's knowledge and at Defendant's direction.

72. Defendant intentionally and willfully failed to pay Plaintiff and New Jersey Class members overtime premium pay for hours worked in excess of 40 per week.

73. Plaintiff and the New Jersey Class did not qualify for an exemption from overtime compensation.

74. Defendant's failure to pay Plaintiff and the New Jersey Class overtime compensation violates the provisions of the NJWHL.

75. Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and members of the New Jersey Class and failed to furnish each of them their wage and hour records showing all wages earned and due for all work performed for labor or services rendered.

76. By Defendant's reckless, knowing and/or intentional failure to pay Plaintiff and the New Jersey Class members overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the NJWHL.

77. Due to Defendant's unlawful conduct and willful violation of the NJWHL, as set forth herein, Plaintiff and the New Jersey Class sustained damages, including overtime wages, in an amount to be established at trial, treble damages, prejudgment interest, costs, and attorneys' fees pursuant to statute and other applicable law.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the FLSA Collective and the New Jersey Class are entitled to, and pray for the following relief:

a. Designation of this action as an FLSA collective action on behalf of Plaintiff and the FLSA Collective, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b. Certification of the New Jersey Class pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff and her counsel to represent the members of the New Jersey Class;

c. A declaratory judgment that the practices complained of herein are

      unlawful under the FLSA and NJWHL;

d.    An injunction requiring Defendant to cease its unlawful practices under, and comply with the FLSA and NJWHL;

e.    An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay, inclusive of all non-discretionary renumeration earned, due under the FLSA and NJWHL;

f.    An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216;

g.    An award of treble damages pursuant to the NJWHL;

h.    An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

i.    An award of prejudgment and post-judgment interest;

j.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to the Plaintiff; and

k. Such other and further relief as this Court deems just and proper.

        Respectfully Submitted,

        *s/ Rachel Berlin Benjamin*
        Rachel Berlin Benjamin
        Georgia Bar No. 707419
        rachel@beal.law
        **BEAL SUTHERLAND**
        **BERLIN & BROWN LLC**
        2200 Century Parkway NE, Suite 100
        Atlanta, GA 30345
        Telephone: 404-476-5305

        **SHAVITZ LAW GROUP, P.A.**
        Gregg I. Shavitz*
        gshavitz@shavitzlaw.com
        Paolo Meireles*
        pmeireles@shavitzlaw.com
        Tamra Givens*
        tgivens@shavitzlaw.com
        622 Banyan Trail, Suite 200
        Boca Raton, FL  33431
        Telephone: 561-447-8888

        *\*To Be Admitted Pro Hac Vice*

        ***Attorneys for Plaintiff and the Putative Collective and Class***