**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

<table>
<tr>
<td>

**SHAMEEN BROWN, on behalf of herself and all others similarly situated,**

**Plaintiff,**

-against-

**EQUITY PRIME MORTGAGE, LLC,**

**Defendant.**

</td>
<td>

**Case No. 1:25-cv-1832-MLB**

</td>
</tr>
</table>

**PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR CONDITIONAL CERTIFICATION OF AN FLSA
COLLECTIVE ACTION AND AUTHORIZATION OF NOTICE**

Pursuant to § 216(b) of the Fair Labor Standards Act ("FLSA"), Plaintiff Shameen Brown, and Opt-In Plaintiffs Lynette McKinn-Solomon (Dkt. 24), Chris Anders (Dkt. 26), Jamille "Rashelle" Travis (Dkt. 26), Kathy Doran (Dkt. 26), Angelica Feliz (Dkt. 34), and Svetlana Donalson (Dkt. 35) (collectively "Plaintiffs"), file their Reply in support of their Motion for Conditional Certification of an FLSA Collective Action and Authorization of Notice ("Motion").

The arguments supporting Plaintiff's Motion and Reply are set forth herein.

RESPECTFULLY SUBMITTED THIS 15TH DAY OF OCTOBER 2025, BY:

*s/ Paolo Meireles*
Gregg I. Shavitz*
gshavitz@shavitzlaw.com
Paolo Meireles*
pmeireles@shavitzlaw.com
Tamra Givens*

tgivens@shavitzlaw.com
**SHAVITZ LAW GROUP, P.A.**
622 Banyan Trail, Suite 200
Boca Raton, FL  33431
Telephone: 561-447-8888

Rachel Berlin Benjamin
Georgia Bar No. 707419
rachel@beal.law
**BEAL SUTHERLAND
BERLIN & BROWN LLC**
2200 Century Parkway NE, Suite 100
Atlanta, GA 30345
Telephone: 404-476-5305

*Admitted Pro Hac Vice*

***Attorneys for Plaintiff and the Putative
Collective and Class***

ii

# TABLE OF CONTENTS

**TABLE OF CONTENTS**...............................................................................iii

**TABLE OF AUTHORITIES** .......................................................... iv

**I.  INTRODUCTION** ...............................................................................1

**II.  COLLECTIVE MEMBERS ARE SIMILARLY SITUATED.**..............2

   A.  All Underwriters Have Substantially Similar Duties and Share the
      Same Terms and Conditions of Employment.........................................2

     1.  The Standard is Lenient, and Plaintiffs Meet It................................2

     2.  Plaintiffs' Evidence More Than Meets the Standard; Defendant
       Provides Nothing in Response...............................................................3

     3.  Defendant's Arguments on the Merits are Irrelevant.......................7

     4.  Defendant Fails to Address, Much Less Distinguish, the Countless
       Decisions Supporting Conditional Certification, Particularly Those
       Certifying Underwriter Collectives. ......................................................8

**III.  PLAINTIFFS HAVE SATIFIED THE PARTICIPATION
       PRONG**..................................................................................................9

**IV. THE FORM AND METHODS OF NOTICE SHOULD BE
      ADOPTED**.............................................................................................11

   A.  Plaintiffs' Form of Notice Should be Approved. .................................11

   B.  The Court Should Approve the Methods of Dissemination. ................13

**V.  CONCLUSION**...................................................................................14

**CERTIFICATE OF SERVICE**..................................................................16

## **TABLE OF AUTHORITIES**

**Federal Cases**

*20-year-old Hinterberger v. Catholic Health Sys.*,
  2009 U.S. Dist. LEXIS 97944 (W.D.N.Y. Oct. 21, 2009) ...................................13

*Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*,
  2008 U.S. Dist. LEXIS 98064 (M.D. Ga. Dec. 4, 2008) ...................................11

*Barker v. WBY, Inc.*,
  2020 U.S. Dist. LEXIS 257490 (N.D. Ga, Feb. 18, 2020) .............................8, 12

*Benton v. Deli Mgmt.*,
  2017 U.S. Dist. LEXIS 211358 (N.D. Ga. Dec. 18, 2017) ...................................2

*Benvenutti v. GEICO Gen. Ins. Co.*,
  2023 U.S. Dist. LEXIS 73003 (M.D. Ga. Apr. 26, 2023) ...................................12

*Brown v. Muy Pizza-Tejas, LLC*,
  2024 U.S. Dist. LEXIS 241037 (N.D. Ga. Feb. 28, 2024) .............................8, 11

*Butz v. Amware Distribution Warehouses of Georgia, Inc.*,
  2014 U.S. Dist. LEXIS 52422 (N.D. Ga. Apr. 16, 2014) ................................. 2-3

*Campo v. Granite Servs. Int'l*,
  584 F. Supp. 3d 1337 (N.D. Ga. 2022).................................................2, 7, 10, 12

*Carrington v. Activus Connect LLC*,
  2025 U.S. Dist. LEXIS 86118 (M.D. Fla. May 6, 2025) .............................11, 13

*Crawford v. Refinishing Touch, Inc.*,
  2016 U.S. Dist. LEXIS 182132 (N.D. Ga. July 1, 2016) ...................................12

*Dominguez v. Better Mortg. Corp.*,
  2022 U.S. Dist. LEXIS 198305 (C.D. Cal. Oct. 24, 2022) ...................................8

*Earle v. Convergent Outsourcing, Inc.*,
  2013 U.S. Dist. LEXIS 126662 (M.D. Ala. Sept. 5, 2013) ...............................12

*Febles v. Am. Health Reform Sols., LLC*,
   2024 U.S. Dist. LEXIS 207516 (M.D. Fla. Nov. 15, 2024) ...............................14

*Fracasse v. People's United Bank*,
   2013 U.S. Dist. LEXIS 84534 (D. Conn. June 17, 2013) ...................................9

*Gee v. SunTrust Mortg., Inc.*,
   2011 U.S. Dist. LEXIS 21101 (N.D. Cal. Feb. 18, 2011) ...................................9

*Goodwin v. Citywide Home Loans, Inc.*,
   2014 U.S. Dist. LEXIS 176818 (C.D. Cal. Nov. 6, 2014) ...................................8

*Grayson v. K Mart Corp.*,
   79 F. 3d 1086 (11th Cir. 1996) .........................................................................2

*Guerra v. Big Johnson Concrete Plumbing, Inc.*,
   2006 WL 2290512 (S.D. Fla. 2006) ...................................................................9

*Hadjiev v. Frenchman's Creek Beach & Country Club*,
   2018 U.S. Dist. LEXIS 33701 (S.D. Fla. Feb. 28, 2018) ...................................5

*Hadley v. Wintrust Mortgage Corporation*,
   2011 U.S. Dist. LEXIS 113968 (D. Kan. Oct. 3, 2011) .....................................9

*Hart v. U.S. Bank NA*,
   2013 U.S. Dist. LEXIS 160147 (D. Az. Nov. 8, 2013) .......................................8

*Henry v. Clayton Cnty. Sch. Dist.*,
   757 F. Supp. 3d 1336 (N.D. Ga. 2024) .............................................................14

*Hodges v. Osmose Utils. Servs., Inc.*,
   2022 U.S. Dist. LEXIS 252586 (N.D. Ga. Sept. 13, 2022) .................................7

*Ide v. Neighborhood Rest. Partners, LLC*,
   32 F. Supp. 3d 1285 (N.D. Ga. 2014) ...............................................................2

*Jackson v. Fannie Mae*,
   181 F. Supp. 3d 1044 (N.D. Ga. 2016)............................................................2, 8

*Johnson v. Lazer Spot, Inc.*,
   2024 U.S. Dist. LEXIS 11865 (N.D. Ga. Jan. 19, 2024) ...................................14

v

*Kirk v. Equity Prime Mortg. LLC*,
   2018 U.S. Dist. LEXIS 247675 (N.D. Ga. Nov. 19, 2018) ................................14

*McKeen-Chaplin v. Provident Sav. Bank*,
   2013 U.S. Dist. LEXIS 113654 (E.D. Cal. Aug. 9, 2013) ..................................9

*Mitchel v. Crosby Corp.*,
   2012 U.S. Dist. LEXIS 128362 (D. Md. Sept. 10, 2012) ...................................9

*Morgan v. Fam. Dollar Stores, Inc.*,
   551 F.3d 1233 (11th Cir. 2008) ...................................................................2, 13

*Osei-Asibey v. SmartRent, Inc.*,
   2024 U.S. Dist. LEXIS 58568 (N.D. Ga. Mar. 31, 2024) ..................................4

*Palacios v. Ga. Shift*,
   2021 U.S. Dist. LEXIS 153304 (N.D. Ga. June 23, 2021) .................................6

*Pearsall-Dineen v. Freedom Mortg. Corp.*,
   27 F. Supp. 3d 567 (D.N.J. 2014) ....................................................................8

*Prowant v. Fannie Mae*,
   2017 U.S. Dist. LEXIS 221422 (N.D. Ga. Oct. 16, 2017) .................................8

*Reece v. United Home Care of N. Atlanta, Inc.*,
   2013 U.S. Dist. LEXIS 31995 (N.D. Ga. Mar. 7, 2013) ...................................2

*Reyes v. AT&T Mobility Servs. LLC*,
   801 F. Supp. 2d 1350 (S.D. Fla. 2011) ..............................................................4

*Riddle v. SunTrust Bank*,
   2009 U.S. Dist. LEXIS 89955 (N.D. Ga. Sept. 29, 2009) ..........................5, 7, 10

*Robertson v. Rep Processing, LLC*,
   2021 U.S. Dist. LEXIS 177118 (D. Col. Sept. 16, 2021) .................................12

*Saleen v. Waste Mgmt.*,
   2009 U.S. Dist. LEXIS 49891 (D. Minn. June 15, 2009) ..................................4

*Sellers v. Sage Software, Inc.*,
   2018 U.S. Dist. LEXIS 188420 (N.D. Ga. May 25, 2018) .................................5

*Simpkins v. Pulte Home Corp.*,
 2008 U.S. Dist. LEXIS 64270 (M.D. Fla. Aug. 21, 2008) ...................................4

*Stelmachers v. Maxim Healthcare Servs.*,
 2013 U.S. Dist. LEXIS 201115 (N.D. Ga. June 5, 2013) ...................................11

*Stevenson v. Great Am. Dream, Inc.*,
 2013 WL 4217128 (N.D. Ga. Aug. 2013) ..........................................................9

*Tucker v. Labor Leasing, Inc.*,
 872 F. Supp. 941 (M.D. Fla. 1994) ................................................................ 9-10

*Weinstein v. 440 Corp.*,
 2019 U.S. Dist. LEXIS 190678 (N.D. Ga. Nov. 4, 2019) ..............................5, 14

*Williams v. U.S. Bank N.A.*,
 290 F.R.D. 600 (E.D. Cal. 2013) .......................................................................8

**Statutes**

29 U.S.C. § 216 ..................................................................................................3

## I.    INTRODUCTION

Defendant Equity Prime Mortgage LLC's ("Equity Prime" or "Defendant") attempts to defeat conditional certification are futile. **One**, Defendant impermissibly focuses on picayune variations in Underwriters' duties and titles which are wholly immaterial to conditional certification. **Two**, Defendant improperly injects the merits of its administrative exemption defense into the analysis. **Three**, faced with overwhelming evidence supporting conditional certification at this pre-discovery stage, Defendant fails to address *any* of Plaintiffs' directly-on-point, supporting authority, let alone attempt to distinguish it.  **Four**, Plaintiffs have satisfied the participation prong, despite Defendant's unfounded contentions. **Five**, Defendant's objections to the form of notice and methods for distribution of notice are outdated and unsupported by Eleventh Circuit precedent and accordingly should be rejected.

Plaintiffs have met their lenient burden[1] for conditional certification by showing that they and the FLSA Collective are similarly situated and that other Underwriters will join the case when provided with notice. For these reasons, and those in Plaintiffs' initial Motion, the Court should conditionally certify the FLSA Collective and authorize notice in the form and manner Plaintiffs requested.

---

[1] Notably, Defendant *admits* that Plaintiffs' burden is "fairly lenient," and this Circuit utilizes a "two-tiered approach" for FLSA certification. Dkt. 33 at 6, 7.

## II.    COLLECTIVE MEMBERS ARE SIMILARLY SITUATED.

### A.    All Underwriters Have Substantially Similar Duties and Share the Same Terms and Conditions of Employment.

#### 1.    The Standard is Lenient, and Plaintiffs Meet It.

For conditional certification, "Plaintiffs need show only that their positions are similar, not identical to the positions held by the putative class members." *Grayson v. K Mart Corp.*, 79 F. 3d 1086, 1096 (11th Cir. 1996) (internal citations omitted); *see also Morgan v. Fam. Dollar Stores, Inc*., 551 F.3d 1233, 1260 (11th Cir. 2008) ("[U]nder § 216(b), courts determine whether employees are similarly situated – not whether their positions are identical."). "[V]ariations in specific duties, job locations, working hours, or the availability of various defenses are examples of factual issues that are not considered at this stage." *Campo v. Granite Servs. Int'l*, 584 F. Supp. 3d 1337, 1346 (N.D. Ga. 2022) (collecting cases); *see also Benton v. Deli Mgmt*., 2017 U.S. Dist. LEXIS 211358, at *19-21 (N.D. Ga. Dec. 18, 2017) (collecting cases); *Jackson v. Fannie Mae*, 181 F. Supp. 3d 1044, 1059 (N.D. Ga. 2016) (collecting cases); *Reece v. United Home Care of N. Atlanta, Inc*., 2013 U.S. Dist. LEXIS 31995, at *5 (N.D. Ga. Mar. 7, 2013) (citations omitted).[2]

---

[2] While Defendant cites *Ide v. Neighborhood Rest. Partners*, LLC, 32 F. Supp. 3d 1285, 1290 (N.D. Ga. 2014), and *Butz v. Amware Distribution Warehouses of Georgia, Inc*., 2014 U.S. Dist. LEXIS 52422, at *15 (N.D. Ga. Apr. 16, 2014), for the proposition that "generalized allegations" are insufficient, Dkt. 33 at 7, Plaintiffs' declarations are anything but "generalized," describing with particularity their experiences while working as Underwriters. Dkt. 27-2, 27-2, 27-3.  However,

Here, Plaintiffs and Underwriters are similarly situated for § 216(b) purposes because (1) they have substantially the same duties; (2) Defendant compensates them the same way (i.e., salaried); (3) they are subject to Defendant's policy and practice which classifies Underwriters as overtime exempt; (4) they have been deprived of overtime based upon Defendant's misclassification; and (5) Defendant's policies and practices require Underwriters to apply Defendant's uniform, common, and universally applicable internal guidelines and standards when performing their primary duties. *See* Dkt. 27 at 3-10 (discussing Plaintiffs' similar declaration testimony regarding their duties and terms and conditions of employment).

### 2. Plaintiffs' Evidence More Than Meets the Standard; Defendant Provides Nothing in Response.

Plaintiffs' evidence, including their detailed declarations, clearly establishes that they had similar duties, although their titles might vary slightly.[3] Dkt. 27 at 3-7.

---

despite attributing the quoted principle to *Ide* (Dkt. 33 at 7), *Ide* never makes this statement.  In fact, *Ide*, which considers the appropriate standard *after* eight months of discovery has been completed, suggests that with respect to *pre-discovery* conditional certification motions (such as this Motion), reliance on allegations in the complaint and plaintiffs' own affidavits alone   "is typical under the leniency standard described in *Hipp*." *Ide*, 32 F. Supp. 3d at 1291-92.  Likewise, *Butz* notes that this "'fairly lenient standard' [] 'typically results in "conditional certification[,]" . . . [because] this burden, which is not heavy," can be met based on the submission of "allegations supported by affidavits . . . that show that they and potential class-members are similarly, not identically, situated, . . . [based on a] rudimentary showing[.]" *Butz,* 2014 U.S. Dist. LEXIS 52422 at *15-16 (internal bracket omitted).
[3] Defendant's challenges to Plaintiffs' evidence are, at best, facile, as discussed herein. For example, while Defendant describes Plaintiffs' declarations as "nearly identical," Dkt. 33 at 1, it neglects that consistency and commonality among

On that salient point, Defendant concedes that all Underwriters' duties are the ***same***:

> "underwriting" involves "the process of evaluating financial information from the borrower against the criteria for the variety of loan products offered by EPM [Equity Prime Management]."

Dkt. 33 at 3; Dkt. 29 at 2-3, Joint Preliminary Report and Discovery Plan (Defendant characterized all Underwriters as the same and all subject to the same exemption classification); *see also* Exh. F, Defendant's October 6, 2025, Initial Disclosures

---

Plaintiffs' work experiences *supports* the that Underwriters are similarly situated. *See Simpkins v. Pulte Home Corp.*, 2008 U.S. Dist. LEXIS 64270, at *20 (M.D. Fla. Aug. 21, 2008) (defendant's decision to classify all similarly titled employees as overtime exempt lent credence to plaintiff's "cookie-cutter" affidavits at conditional certification stage); *Reyes v. AT&T Mobility Servs. LLC*, 801 F. Supp. 2d 1350, 1361 (S.D. Fla. 2011) ("these other pieces of evidence certainly *bolster* the conclusion that it is reasonable to believe there exists a similarly situated class of employees.") (emphasis added) (collecting cases).

Further, while Defendant claims that the Court need not accept Plaintiffs' sworn declarations as true (Dkt. 33 at 8), at this procedural juncture, any "factual dispute about the work actually performed by [Underwriters] is not appropriately resolved at this stage[.]" *Osei-Asibey v. SmartRent, Inc.*, 2024 U.S. Dist. LEXIS 58568, at *16 (N.D. Ga. Mar. 31, 2024) (citation omitted). Defendant's citation to *Saleen v. Waste Mgmt.*, 2009 U.S. Dist. LEXIS 49891, at *25 (D. Minn. June 15, 2009) otherwise should be disregarded as (i) Defendant's quote from *Saleen* (along with the entire decision itself) does **not** support the idea that the court is not required to accept an FLSA plaintiff's conditional certification evidence as true; and (ii) in any event, *Saleen* is out-of-Circuit law utilizing a standard rejected by courts in this Circuit, and is neither binding nor persuasive on this Court, particularly in light of the clear guidance from courts within this District. *See Osei-Asibey, supra*.

In addition, Defendant's claim that the declarations are from "short-term" employees, Dkt. 33 at 1, is false. Plaintiffs Brown, McKinn and Anders worked as Underwriters for one year, 2.5 years, and 1.5 years, respectively. Dkt. 27-1; Dkt. 27-2; Dkt. 27-3. The declarants' experiences run the entire length of the limitations period confirming that throughout that time, Underwriters were similarly situated.

(characterizing the duties and classification of all Underwriters as the same).

In light of this, rather than focus on duties, Defendant instead tries to differentiate among the various loan *products* Underwriters worked on, and minor and irrelevant variations to the Underwriter title (i.e., Underwriter versus Senior Underwriter) (Dkt. 33 at 3, 8). Fatal to Defendant's efforts however, duties, not product lines or titles, control the similarly situated analysis. *Weinstein v. 440 Corp.*, 2019 U.S. Dist. LEXIS 190678, at *8 (N.D. Ga. Nov. 4, 2019) ("[t]he job *title* of the employees is not material to the discussion here.") (emphasis in original); *Hadjiev v. Frenchman's Creek Beach & Country Club*, 2018 U.S. Dist. LEXIS 33701, at *9-10 (S.D. Fla. Feb. 28, 2018) ("merely having the title 'manager' is not talismanic"). Courts frequently certify FLSA collectives involving multiple titles where employer perform the similar duties, regardless of their title. *See, e.g., Sellers v. Sage Software, Inc.*, 2018 U.S. Dist. LEXIS 188420, at *2-3 (N.D. Ga. May 25, 2018); *Riddle v. SunTrust Bank*, 2009 U.S. Dist. LEXIS 89955, at *7 (N.D. Ga. Sept. 29, 2009) (granting conditional certification despite contention the differing levels or kinds of Client Technology Specialists had varying duties).

Given its admissions, beyond pointing to irrelevant variations in title from Underwriter to Senior Underwriter, Defendant offers nothing of substance or relevance. Tellingly, Defendant does not even attempt to provide a sworn statement attesting to any of its asserted facts. Rather, the crux of Defendant's opposition is

its submission of (i) a job description for a position not at issue in Plaintiffs' Motion (i.e., the "QC Underwriter" position, which is not an Underwriter);[4] and (ii) LinkedIn profiles for two Plaintiffs reflecting nothing of their experiences at Equity Prime.[5]

In the face of Defendant's repeated admissions and nothing else, the fact that Underwriters are similarly situated regarding their duties and other terms of

---

[4] Defendant disputes that there is one, uniform, Underwriter job, Dkt. 33 at 10, but fails to produce any other Underwriter job description. Instead, Defendant disingenuously interjects a "QC Underwriter" job description into the discussion. While they share "underwriter" in their title, Defendant is aware that a "QC Underwriter" is not, in fact, an "Underwriter" within the collective defined in the Complaint, Motion or other filings. *See* Dkt. 1 (Compliant) at ¶¶ 5, 27, 40, 41; Dkt. 27 (Motion) at 1, 11-19; *Compare* Dkt. 33 at 3 (Defendant defines Underwriters as those engaged in "the process of evaluating financial information from the borrower against the criteria for the variety of loan products offered by EPM") *with id.* a 3-4 (Defendant defines "QC Underwriters" as those "who focused on reviewing files for quality control"); *see also* Dkt. 25 (Answer) at ¶¶ 5, 27 (admitting the corresponding allegations in Plaintiffs' Complaint regarding Underwriters' duties); Dkt. 29 (*Joint Preliminary Report and Discovery Plan*) at p. 1-2 (defining the collective as all "Underwriters," and stating that "Defendant asserts that Underwriters who work for Defendant are responsible for analyzing information provided by loan applicants and determining whether that information satisfies the underwriting criteria for loan products offered by Defendant, or if an exception to the underwriting criteria is warranted."); Exh. F (Defendant's Initial Disclosures) at p. 2 (same).

[5] Defendant's reliance on two Plaintiffs' LinkedIn postings, Dkt. 33 at 5, to contradict their sworn statements, is unavailing (and impermissibly goes to the merits). *Palacios v. Ga. Shift*, 2021 U.S. Dist. LEXIS 153304, at *7 (N.D. Ga. June 23, 2021) ("a LinkedIn profile job description is not strong evidence of what duties an employee actually performs, as employees tend to exaggerate their responsibilities on online platforms."). And, while not relevant in any event, the postings relied upon in fact do not reflect any experiences at Equity Prime. *See, e.g.*, Dkt. 33-3 at 2 (reflecting nothing under Equity Prime "experience"); Dkt. 33-4 at 2 (reflecting "skills" but not listing any job duties or experience at Equity Prime, as compared to job duties listed for employers prior to Equity Prime).

employment is undisputed.[6]

### 3.    Defendant's Arguments on the Merits are Irrelevant.

At the notice stage, the merits of the administrative exemption defense are "irrelevant" to whether Underwriters may be similarly situated. *Hodges v. Osmose Utils. Servs., Inc.*, 2022 U.S. Dist. LEXIS 252586, at *12, n. 7 (N.D. Ga. Sept. 13, 2022); *Riddle v. Suntrust Bank*, 2009 U.S. Dist. LEXIS 89955, at *9 (N.D. Ga. Sept. 29, 2008) (A this stage, "the Court does not determine the legality of Defendant's practice[] . . . [or] evaluate the merits, but only determines whether Plaintiff has shown she is similarly situated to the putative class members.").

Nonetheless, Defendant's response almost exclusively concentrates on the *nature* of the duties and the merits of the exemption.  Dkt. 33 at 1, 3, 4, 5, 8-9.[7] Specifically, the degree to which the allegedly different Underwriters exercised discretion goes directly to the merits of the exemption defense. *See Hodges, Riddle, supra.* That is to say, the majority of the opposition, which focuses on the merits of

---

[6]  It should be noted that, while not necessary, Plaintiffs evidence shows *both*, that: (i) all Underwriters have substantially the same duties; and (ii) all Underwriters are subject to the common policy of misclassifying them as exempt resulting in the failure to pay overtime.  *Campo*, 584 F. Supp. 3d 1337, 1346-47 ("[A]t this stage a plaintiff only needs to show that the proposed collective members **either** (1) had similar duties; **or** (2) 'were all subject to the same policy, plan, or scheme that forms the basis of the alleged FLSA violation.' A plaintiff does not have to establish both." (emphasis added)). Conditional certification should be granted.

[7] While the similarity among Plaintiffs' duties is relevant to conditional certification, whether the primary duties of Underwriters are exempt or non-exempt – essentially what Defendant argues throughout its brief – is, again, irrelevant. *See supra*.

the administrative exemption defense, is irrelevant and should be disregarded.

> **4.      Defendant Fails to Address, Much Less Distinguish, the Countless Decisions Supporting Conditional Certification, Particularly Those Certifying Underwriter Collectives.**

Critically, in their initial Motion, Plaintiffs cite numerous cases in which this Court and others have granted conditional certification on comparable (if not less robust) records.[8]   Defendant makes no effort whatsoever to address, much less distinguish, these cases. Dkt. 33, *passim*.[9]   Tellingly, Defendant even declines to address in any way those decisions certifying *underwriter* collectives raised in Plaintiffs' Motion.   *See, e.g.*, *Prowant v. Fannie Mae*, 2017 U.S. Dist. LEXIS 221422 (N.D. Ga. Oct. 16, 2017); *Jackson v. Fannie Mae*, 181 F. Supp. 3d 1044 (N.D. Ga. 2016); *Dominguez v. Better Mortg. Corp.*, 2022 U.S. Dist. LEXIS 198305 (C.D. Cal. Oct. 24, 2022); *Pearsall-Dineen v. Freedom Mortg. Corp.,* 27 F. Supp. 3d 567 (D.N.J. 2014); *Goodwin v. Citywide Home Loans, Inc.*, 2014 U.S. Dist. LEXIS 176818 (C.D. Cal. Nov. 6, 2014); *Williams v. U.S. Bank N.A.*, 290 F.R.D. 600 (E.D. Cal. 2013); *Hart v. U.S. Bank NA,* 2013 U.S. Dist. LEXIS 160147 (D. Az.

---

[8] *See, e.g.*, *Brown v. Muy Pizza-Tejas, LLC*, 2024 U.S. Dist. LEXIS 241037, at *17-18 (N.D. Ga. Feb. 28, 2024) (Brown, *J.*) (granting nationwide conditional certification for all of defendant's locations (except Minnesota) based upon "Plaintiff's complaint, motion for certification, and supporting exhibits" [one affidavit by named plaintiff].); among *several* others.

[9] Defendant also fails to address the impact the prior lawsuit against it for similar FLSA violations has on granting conditional certification.  *See Barker v. WBY, Inc.*, 2020 U.S. Dist. LEXIS 257490, at *7 (N.D. Ga, Feb. 18, 2020) (Brown, *J.*).

Nov. 8, 2013); *McKeen-Chaplin v. Provident Sav. Bank*, 2013 U.S. Dist. LEXIS 113654 (E.D. Cal. Aug. 9, 2013); *Fracasse v. People's United Bank*, 2013 U.S. Dist. LEXIS 84534 (D. Conn. June 17, 2013); *Mitchel v. Crosby Corp.*, 2012 U.S. Dist. LEXIS 128362 (D. Md. Sept. 10, 2012); *Gee v. SunTrust Mortg., Inc.*, 2011 U.S. Dist. LEXIS 21101 (N.D. Cal. Feb. 18, 2011); *Hadley v. Wintrust Mortgage Corporation*, 2011 U.S. Dist. LEXIS 113968 (D. Kan. Oct. 3, 2011) *vacated on other grounds* 2011 U.S. Dist. LEXIS 157187 (D. Kan. Nov. 4, 2011)

Defendant's failure to acknowledge the overwhelming precedent supporting Plaintiffs' Motion further strengthens the case for conditional certification.[10]

## III.    PLAINTIFFS HAVE SATIFIED THE PARTICIPATION PRONG

To date, seven Plaintiffs have joined this case, including two who joined after Defendant filed its Opposition, demonstrating continued and ongoing interest to assert claims in this matter. Dkt. 1, 24, 26, 34, 35.  This number far exceeds the threshold for satisfying the participation prong for conditional certification. *Stevenson v. Great Am. Dream, Inc.*, 2013 WL 4217128, at *2 (N.D. Ga. Aug. 2013) (one consent to join sufficient); *Guerra v. Big Johnson Concrete Plumbing, Inc.*, 2006 WL 2290512, *4 (S.D. Fla. 2006) (same); *Tucker v. Labor Leasing, Inc.*, 872

---

[10] In addition to totally failing to distinguish Plaintiffs' cases in any way, *see supra*, Defendant fails to cite a single case where the court denied conditional certification based upon comparable record evidence as Plaintiffs present here. Dkt. 33 at 6-9. Instead, Defendant cites cases for broad, general propositions but fails to explain how these standards apply in this case. *Id.*

F. Supp. 941, 947-48 (M.D. Fla. 1994) (two opt-in plaintiffs sufficient).[11]

*Riddle*, *supra*, is instructive. There, the court found that the plaintiff and three opt-ins (representing a total of three facilities in Georgia, Tennessee, and Florida) demonstrated sufficient interest to conditionally certify over 1700 SunTrust bank locations. 2009 U.S. Dist. LEXIS 89955, at *10-13. *Riddle* rejected that three opt-ins was insufficient (as Defendant here argued), noting that because "actual notice has not been sent to putative class members who may be spread over a wide geographic area, the Court is satisfied that three opt-in plaintiffs [] sufficiently demonstrates an interest by other employees to opt-in to the suit." *Id*. at *12.

Here, the Court should similarly find that the wide geographic swath of now a total of seven Plaintiffs representing at five states more than satisfies this prong.[12]

*****

For these reasons, Plaintiffs meet their lenient burden at this pre-discovery stage and demonstrate the requisite interest of others. The Motion should be granted.[13]

---

[11] Defendant claims that one of the witnesses referenced in the declarations brought his own lawsuit.  Dkt. 33 at 9. However, this fact further *supports* that Underwriters are similarly situated and would seek to vindicate their rights.

[12] Moreover, Plaintiffs' declarations specifically identify additional Underwriters who may be interested in joining, which also supports the participation prong. *Campo*, 584 F. Supp. 3d 1337, 1348.

[13] Defendant makes vague references to the composition of the FLSA Collective and the need for discovery. Dkt. 33 at 10. However, it fails to state any reason for discovery, much less the type and purpose of any proposed discovery. Moreover,

## IV.    THE FORM AND METHODS OF NOTICE SHOULD BE ADOPTED

Initially, Defendant "requests that the Court order the parties to meet and confer and jointly prepare an accurate and balanced notice."  Dkt. 33 at 10. However, over two-and-one-half pages Defendant asserts specific objections to Plaintiffs' form and methods of notice.  Accordingly, Defendant has amply briefed its position for the Court's determination, and Plaintiffs submit that no further meet-and-confer on these issues is necessary.  Instead, Plaintiffs' response, is as follows.

### A.    Plaintiffs' Form of Notice Should be Approved.[14]

Plaintiffs' notice form is substantively similar to those approved by this Court in *Brown v. Muy Pizza-Tejas, LLC*, 2024 U.S. Dist. LEXIS 241037 (N.D. Ga. Feb.

---

this directly contradicts the notion of lenient, *pre-discovery* conditional certification standard discussed *supra*, with such requests routinely granted in this Circuit, including in this District. *Stelmachers v. Maxim Healthcare Servs*., 2013 U.S. Dist. LEXIS 201115 (N.D. Ga. June 5, 2013); *Carrington v. Activus Connect LLC*, 2025 U.S. Dist. LEXIS 86118 (M.D. Fla. May 6, 2025); *Arriaga-Zacarias v. Lewis Taylor Farms, Inc*., 2008 U.S. Dist. LEXIS 98064 (M.D. Ga. Dec. 4, 2008) (all granting pre-discovery motions for conditional certification). Moreover, Defendant already *agreed* that discovery was *not necessary* prior to conditional certification; a concession it gave *multiple* times. *See* Dkt. 29 at 10, 11, 13, 15 ("[T]he parties respectfully request that discovery in this matter be stayed pending the outcome of Plaintiff's Conditional Certification Motion."). In response, the Court stayed discovery pending a ruling on this Motion. *See* Dkt. 30. Significantly, at the time Defendant made these concessions, Plaintiffs' Motion had *already* been on file for *several* days. Yet, Defendant still agreed several times over that discovery was not necessary. *See* Dkt. 29 at 10, 11, 13, 15.  Defendant cannot now disavow its position. Conditional certification as to a collective of Underwriters (i.e., those engaged in underwriting duties) should be granted without further delay.

[14] Defendant *admits* that for purposes of notice, the three-year statute of limitations applies. Dkt. 33 at 2.

11

28, 2024) (Brown, *J.*); *Barker v. WBY, Inc.*, 2020 U.S. Dist. LEXIS 257490, at \*2-3 (N.D. Ga. Feb. 18, 2020 (Brown, *J.*). Defendant's arguments should be rejected.

First, the caption should remain to indicate that the notice is Court-approved and advise of the lawsuit. *Campo*, 584 F. Supp. 3d 1337, 1350 ("the Court does not believe that the inclusion of a case caption is *per se* improper"); *Benvenutti v. GEICO Gen. Ins. Co.*, 2023 U.S. Dist. LEXIS 73003, at \*11-12 (M.D. Ga. Apr. 26, 2023).

Second, Defendant's counsel should not be included on the notice, as it presents the danger of improper communications. *Crawford v. Refinishing Touch, Inc.*, 2016 U.S. Dist. LEXIS 182132, at \*10 (N.D. Ga. July 1, 2016) ("[t]he recipients need only know the contact information of their potential counsel – Plaintiffs' counsel. Allowing the request could potentially confuse the recipients as to who will represent them. Indeed, Georgia's Code of Professional Conduct expressly prohibits defense counsel from speaking about the case with these individuals once they are represented[.]" (citing Ga. Code Prof'l Conduct R. 4.2(a))).

Third, potential discovery obligations should be omitted due to the chilling effect. *Earle v. Convergent Outsourcing, Inc.*, 2013 U.S. Dist. LEXIS 126662, at \*21-22 (M.D. Ala. Sept. 5, 2013).[15] Such language which chills participation is

---

[15] Upon certification, discovery will be conducted on a representative basis and only a fraction of the Collective will participate. *Robertson v. Rep Processing, LLC*, 2021 U.S. Dist. LEXIS 177118, at \*13 (D. Col. Sept. 16, 2021). Thus, including information about discovery obligations to all potential opt-in is misleading.

contrary to the FLSA's remedial goals and therefore should be omitted from the notice. *See Morgan*, 551 F.3d 1233, 1264-65 (11th Cir. 2008).

### B. The Court Should Approve the Methods of Dissemination.

Defendant's contentions regarding the methods of dissemination are outdated and should be rejected. Notably, all of Defendant's revisions suggest a goal of deterring participation, which directly counters the purpose of the FLSA collective actions. *Morgan*, 551 F.3d at 1259 ("The benefits of a collective action 'depend on employees receiving accurate and timely notice . . . so that they can make informed decisions about whether to participate.'").

First, in citing the nearly 20-year-old *Hinterberger v. Catholic Health Sys.*, 2009 U.S. Dist. LEXIS 97944 (W.D.N.Y. Oct. 21, 2009), to limit notice to U.S. mail only, Defendant fails to appreciate that in 2025 texting is one of the most common, efficient, and reliable means of communication, and courts routinely permit notice via mail *and* e-mail and text message. *Carrington v. Activus Connect LLC*, 2025 U.S. Dist. LEXIS 86118, at *12 (M.D. Fla. May 6, 2025) ("notice via mail, email, and text message is appropriate at this stage. Modern trend indicate that text message notification will not harm either party's ability to fulfill their obligations."). Defendant also overlooks that perhaps unlike in the Western District of New York circa 2009, courts in *this* District permit plaintiffs to issue FLSA notice concurrently via mail, e-mail, and text, including in a prior case against *this same Defendant*. *Kirk*

13

*v. Equity Prime Mortg. LLC*, 2018 U.S. Dist. LEXIS 247675, at \*8 (N.D. Ga. Nov. 19, 2018); *see also Johnson v. Lazer Spot, Inc.*, 2024 U.S. Dist. LEXIS 11865, at \*25 (N.D. Ga. Jan. 19, 2024); *Campo*, 584 F. Supp. 3d at 1350.

Second, Defendant fails to acknowledge that reminder notices are ubiquitous throughout the Eleventh Circuit, including in this District. *Weinstein v. 440 Corp.*, 2019 U.S. Dist. LEXIS 190678, at \*12-13 (N.D. Ga. Nov. 4, 2019) (noting "numerous courts . . . have allowed reminder notices to be sent. In keeping with that authority, the Court finds no problem with a reminder."); *see also Henry v. Clayton Cnty. Sch. Dist.*, 757 F. Supp. 3d 1336, 1342 (N.D. Ga. 2024).[16]

## V.    CONCLUSION

For the reasons stated herein, and in Plaintiffs underlying Motion, at this preliminary stage of the case, this Court can determine that similarly situated Underwriters exist who wish to join this collective action. Accordingly, Plaintiffs' Motion should be granted in all respects.

---

[16] Notably, the cases Defendant cites against sending reminder notices, Dkt. 33 at 12, are all out-of-District, are over a decade old, and are anomalous to the current trends favoring reminders.

Defendant misreads the request for social security numbers, which only seeks the last four digits. Plaintiffs agree to the production of the last four digits within three days of any notice returned as undeliverable. *Febles v. Am. Health Reform Sols., LLC*, 2024 U.S. Dist. LEXIS 207516, at \*4-5 (M.D. Fla. Nov. 15, 2024).

Finally, Defendant requests 45 days to produce the data required to facilitate notice. Given the Parties' ongoing tolling agreement and provided Defendant does not seek to cancel same during the 45-day period, Plaintiffs have no objection.

Respectfully submitted,

*s/ Paolo Meireles*
Paolo Meireles*
pmeireles@shavitzlaw.com
Gregg I. Shavitz*
gshavitz@shavitzlaw.com
Tamra Givens*
tgivens@shavitzlaw.com
**SHAVITZ LAW GROUP, P.A.**
622 Banyan Trail, Suite 200
Boca Raton, FL  33431
Telephone: 561-447-8888

Rachel Berlin Benjamin
Georgia Bar No. 707419
rachel@beal.law
**BEAL SUTHERLAND
BERLIN & BROWN LLC**
2200 Century Parkway NE, Suite 100
Atlanta, GA 30345
Telephone: 404-476-5305

*Admitted Pro Hac Vice*

***Attorneys for Plaintiff and the Putative
Collective and Class***

15

## CERTIFICATE OF SERVICE

I certify that on this date I electronically filed the foregoing document with the clerk of court using the Court's CM/ECF system which will automatically send email notification of such filing to all counsel of record.

*s/ Paolo Meireles*
Paolo Meireles*
pmeireles@shavitzlaw.com
Gregg I. Shavitz*
gshavitz@shavitzlaw.com
Tamra Givens*
tgivens@shavitzlaw.com
**SHAVITZ LAW GROUP, P.A.**
622 Banyan Trail, Suite 200
Boca Raton, FL  33431
Telephone: 561-447-8888

Rachel Berlin Benjamin
Georgia Bar No. 707419
rachel@beal.law
**BEAL SUTHERLAND**
**BERLIN & BROWN LLC**
2200 Century Parkway NE, Suite 100
Atlanta, GA 30345
Telephone: 404-476-5305

*\*Admitted Pro Hac Vice*

***Attorneys for Plaintiff and the Putative***
***Collective and Class***

16